UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD M. HAMPTON,

        Plaintiff,

  v.                                  CAUSE NO. 3:22-CV-765-DRL-MGG

ASHLEY WILSON,

        Defendant.

OPINION AND ORDER

Edward M. Hampton, a prisoner without a lawyer, filed a complaint alleging he is in imminent danger and seeking a preliminary injunction. ECF 1. He has also filed a motion requesting immediate injunctive relief. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hampton asserts that, when he was housed at the Miami Correctional Facility[1], he suffered from migraine headaches, which caused him to be in constant pain and vomit, and tactile hallucinations, a neurological condition which made him feel like

---

[1] Mr. Hampton is no longer housed at the Miami Correctional Facility. ECF 13.

something was crawling on him or biting him. ECF 1 at 2. He also had gastroesophageal reflux disease (GERD), which caused him to choke on his bile. *Id.* at 3. Mr. Hampton lost 30 pounds in 90 days, suffered from dizzy spells, and passed out a number of times. *Id.* at 2.

On July 20, 2022, Mr. Hampton asked to be seen by a medical doctor for treatment for his tactile hallucinations, but he was referred to a mental health doctor who then advised him to see a medical doctor. ECF 1 at 2. Five days later, on July 25, 2022, he submitted a medical request form to see a doctor for treatment for his migraine headaches and TMJ issues, but Nurse Ashley Wilson refused to allow him to be seen by a doctor. *Id.* On August 8, 2022, he filled out three more medical request forms asking for treatment and medication changes for his migraine headaches, fibromyalgia symptoms, and GERD. *Id.* at 2-3. However, Nurse Wilson refused to see him or allow him to be seen by a doctor. *Id.* Mr. Hampton asserts Nurse Wilson charged him for medical treatment though he never received treatment and also told him she would charge him for every medical request form he submitted. *Id.* at 3.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno*

*v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Giving Mr. Hampton the inferences to which he is entitled at this stage of the proceedings, he has alleged a plausible Eighth Amendment claim against Nurse Wilson for being deliberately

3

indifferent to his serious need for medical treatment for his migraine headaches, TMJ, and GERD, in July and August 2022, when he was housed at the Miami Correctional Facility.

As to Mr. Hampton's motion requesting immediate injunctive relief, the court will deny the motion as moot because, after Mr. Hampton filed his complaint, he notified the court that he was transferred from the Miami Correctional Facility to the Westville Correctional Facility. ECF 13. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Here, there is no reason to believe that Mr. Hampton is likely to be transferred back to the Miami Correctional Facility, and if he is, he may renew his motion.

For these reasons, the court:

(1) DENIES AS MOOT Edward M. Hampton's motion requesting immediate injunctive relief (ECF 10);

(2) GRANTS Edward M. Hampton leave to proceed against Nurse Ashley Wilson in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious need for medical treatment for his migraine headaches, TMJ, and GERD, in July and August 2022, when he was housed at the Miami Correctional Facility, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

and serve process on) Nurse Ashley Wilson at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Ashley Wilson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 11, 2023                               *s/ Damon R. Leichty*
                                               Judge, United States District Court