UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD M. HAMPTON,

     Plaintiff,

         v.                              CAUSE NO. 3:22-CV-765-DRL-MGG

ASHLEY WILSON,

     Defendant.

## OPINION AND ORDER

Edward M. Hampton, a prisoner without a lawyer, is proceeding in this case "against Nurse Ashley Wilson in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious need for medical treatment for his migraine headaches, TMJ, and GERD, in July and August 2022, when he was housed at the Miami Correctional Facility, in violation of the Eighth Amendment[.]" ECF 15 at 4. Specifically, Mr. Hampton alleged in his complaint that he submitted numerous healthcare request forms but Nurse Wilson refused to allow him to be seen by a doctor and instead charged him for each form he submitted without providing any treatment. *Id.* at 2. Nurse Wilson filed a motion for summary judgment, arguing Mr. Hampton didn't exhaust his administrative remedies before filing this lawsuit. ECF 38. Mr. Hampton filed

a response, and Nurse Wilson filed a reply. ECF 45, 47, 48.[1] The summary judgment

motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Federal Rule of

Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion

may not rely merely on allegations or denials in its own pleading but must "marshal and

present the court with the evidence she contends will prove her case." *Goodman v. Nat'l*

*Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to

prison conditions "until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been

exhausted must be dismissed; the district court lacks discretion to resolve the claim on

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an

---

[1] Mr. Hampton also files a motion for leave to file a sur-response responding to Nurse Wilson's reply. ECF 50. The court has reviewed the contents of Mr. Hampton's sur-response, and concludes it has no impact on the disposition of this case. His motion to file a sur-response will be granted.

affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Nurse Wilson argues Mr. Hampton didn't exhaust his administrative remedies before filing this lawsuit because he didn't fully exhaust any relevant grievance. ECF 39. Specifically, Nurse Wilson provides evidence showing the following facts: On October 26, 2022, Mr. Hampton submitted a grievance complaining he received a response to a healthcare request form on October 25 which falsely stated he had signed a refusal to see the doctor on September 8. ECF 38-1 at 4, 35. He requested as relief that he be provided a copy of the signed refusal form and be given the name of the nurse who stated he signed it. *Id.* at 35. On November 10, 2022, the grievance office rejected Mr. Hampton's October

26 grievance as untimely because he submitted it more than ten business days after September 8. *Id.* at 4, 34. Nurse Wilson argues that, because Mr. Hampton didn't fully exhaust his October 26 grievance or any other relevant grievance, the undisputed facts show he didn't exhaust his administrative remedies before filing this lawsuit. ECF 39 at 4-5.

In his response, Mr. Hampton argues his administrative remedies were unavailable because the grievance office improperly rejected his October 26 grievance as untimely. ECF 47 at 4. Specifically, Mr. Hampton argues his October 26 grievance was timely because it complained of an incident that occurred on October 25, when he received a response to his healthcare request form falsely stating he had refused medical care. *Id.* He explains that the "incident" complained of in the October 26 grievance was the nurse lying about him signing a refusal, which first became known to him when he received the October 25 response to his healthcare request form. *Id.*

Here, the undisputed facts show the grievance office improperly rejected Mr. Hampton's October 26 grievance as untimely. Specifically, Mr. Hampton's October 26 grievance complained of an incident that occurred on October 25, when he received a response to his healthcare request form in which a nurse stated he had refused medical care on September 8. ECF 38-1 at 35. There was no way for Mr. Hampton to file a grievance prior to October 25, as there is no evidence he knew the nurse was alleging he had refused medical care until he received her response to his healthcare request. It was thus nonsensical for the grievance office to reject the grievance as untimely because it was not submitted within ten business days of September 8.

4

Accordingly, the undisputed facts show the grievance office made Mr. Hampton's administrative remedies unavailable by improperly rejecting his October 26 grievance as untimely. Nurse Wilson has therefore not met her burden to show Mr. Hampton had available administrative remedies he didn't exhaust before filing this lawsuit.

For these reasons, the court:

(1) GRANTS Mr. Hampton's motion for leave to file a sur-response (ECF 50); and

(2) DENIES Nurse Wilson's motion for summary judgment (ECF 38).

SO ORDERED.

November 6, 2023

_s/ Damon R. Leichty_
Judge, United States District Court